Submitted August 27, affirmed December 10, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KATRISA LEE TOWERS,
*Defendant-Appellant.*

Josephine County Circuit Court
05CR0749; A131170

197 P3d 616

Peter Gartlan, Chief Defender, and Robin A. Jones, Senior Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Schuman, Judge, and Riggs, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals her conviction for first-degree theft arising from a shoplifting incident in which she gave a false name to investigators. We write to address her related arguments that the trial court erred in failing to accept her proposed stipulation as to her true identity and in admitting, despite her objection under OEC 403, a photograph of defendant that was taken while she was incarcerated. Defendant asserts that the evidence was inadmissible under OEC 403 because its prejudicial effect substantially outweighed its probative value. We affirm.[1]

According to the state's evidence, defendant was observed by a store detective shoplifting various personal items from a retail establishment. As part of her scheme, defendant attempted to return for a refund certain items that she had taken from the store without paying for them. Defendant was initially denied a refund because she did not have a driver's license. However, defendant ultimately obtained the refund; after the transaction was complete, store employees ushered defendant to the store's loss prevention office. Defendant gave a false name to the employees, and when police arrived to investigate, defendant gave the same false name to a police officer. Defendant was arrested and taken to jail. When the arresting officer arrived with defendant at the jail, a corrections officer advised him of defendant's true name.

Defendant's defense was that she had not shoplifted any items from the store and that the refund was legitimate. Before trial, defendant anticipated that the state would offer evidence that she gave a false name after being apprehended and, in order to obviate the need for evidence regarding her true identity, defendant offered to stipulate that her true name was Katrisa Towers. The state objected, and the trial court rejected the stipulation, reasoning that "it would take as much time to go through the stipulation with the jury as to simply have a question asked and answered * * *." Immediately following that ruling, the state informed the court that it intended to offer a "jail photo" of defendant as evidence of her identity. The photograph showed defendant's face and

---

[1] We reject defendant's remaining assignments of error without discussion.

upper torso. At the top of the photograph was the heading "Josephine County Correctional Facility," and beneath the photograph was defendant's name, "Katrisa Lee Towers," followed by personal information, including her date of birth, age, and identifying physical characteristics.

Among other grounds for the offer, the prosecutor noted that defendant did not have a driver's license showing her face and name. Defendant objected under OEC 403 and moved to exclude the photograph, arguing that it was "unfairly prejudicial because of the header at the top naming Josephine County Correctional Facility and the depiction of the defendant clearly in jail scrubs." The trial court denied defendant's motion. The court explained:

> "You know the relevance in weighing this out it has some relevance in light of the fact that a false name was given. But it's very marginal relevance and if the defendant is willing to stipulate, on the other hand I really don't see much harm or prejudice in it either. It's kind of—that whole issue the 403 weighing to me is rather what they would call equipoise, that is equally divided. It's got some relevance it's got some potential for prejudice and I guess actually whatever relevance there is it's probably outweighed. It's probably is heavier than the potential for prejudice since it's clear that the defendant was at one time in custody or was taken into custody at that time. So I don't see a problem with [the photograph]."

At trial, the state offered the photograph during the testimony of the arresting officer, and defendant objected on the further ground that an inadequate foundation had been laid for its admission. The prosecutor then withdrew the offer. The prosecutor next called the jail corrections officer who identified defendant as Katrisa Towers and confirmed that she had made the same identification to the arresting officer when defendant was brought to jail after her arrest in this case. The prosecutor then renewed the offer of the photograph, and defendant objected on the ground that, at that point, the photograph was irrelevant and cumulative. The court overruled the objection. The jury convicted defendant of the charged offense.

On appeal, defendant challenges the trial court's rejection of her proposed stipulation to her true identity, the

denial of her pretrial motion to exclude the photograph under OEC 403, and the admission of the photograph at trial despite her additional objection at that point that the evidence was cumulative of the corrections officer's in-court identification of defendant.

In order to evaluate defendant's arguments, we first assess the relevance of evidence of defendant's true identity in the context of the parties' theories at trial with respect to the charged offense. At trial, the state posited that defendant had not paid for the items for which she obtained a refund, and defendant asserted that she had paid for the items. In support of its theory, the state offered evidence that defendant gave a false name to investigators. Defendant conceded that that evidence was relevant to show that she was conscious of her guilt. However, defendant offered to stipulate to her true identity, presumably hoping thereby to limit the jury's focus on the evidence that she had lied about her identity. The dispositive question is whether, in this context, the trial court erred in admitting the state's evidence of defendant's true identity.

■■ We initially reject defendant's challenge to the trial court's refusal to accept her stipulation. The trial court did not err in rejecting the proposed stipulation, because a stipulation "only provides an alternate form of proof. It [does] not have the effect of making otherwise relevant evidence irrelevant." *State v. Sparks* 336 Or 298, 308, 83 P3d 304, *cert den*, 543 US 893 (2004). Evidence of defendant's true identity was relevant to show that she lied about her identity; that evidence, in turn, was relevant to show defendant's consciousness that she had stolen the merchandise for which she sought and obtained a refund. Accordingly, the state was entitled to offer evidence of defendant's true identity, including, for example, the in-court identification that the corrections officer made. The question remains whether, in light of the fact that defendant did not dispute her true identity at trial and other pertinent considerations under OEC 403, the trial court erred in admitting the jail photograph into evidence.

■■ In *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987), the Supreme Court set out a four-step analysis for determining whether evidence should be excluded under OEC 403:

> "In making this decision under OEC 403, the judge should engage in four steps. First, the trial judge should assess the proponent's need for the * * * misconduct evidence. In other words, the judge should analyze the quantum of probative value of the evidence and consider the weight or strength of the evidence. In the second step the trial judge must determine how prejudicial the evidence is, to what extent the evidence may distract the jury from the central question whether the defendant committed the charged crime. The third step is the judicial process of balancing the prosecution's need for the evidence against the countervailing prejudicial danger of unfair prejudice, and the fourth step is for the judge to make his or her ruling to admit all the proponent's evidence, to exclude all the proponent's evidence or to admit only part of the evidence."

Although we examine whether the trial court properly applied the balancing test that OEC 403 prescribes for errors of law, we review the trial court's ultimate determination as to whether evidence is unfairly prejudicial under OEC 403 for abuse of discretion. *See McCathern v. Toyota Motor Corp.*, 332 Or 59, 71-72, 23 P3d 320 (2001) (applying that analysis). A trial court has "broad discretion" under OEC 403 when the court makes findings on the record that support its discretionary ruling. *State v. Cox*, 337 Or 477, 487, 98 P3d 1103 (2004).

■ In this case, the trial court engaged in the prescribed balancing test. First, the court correctly observed that the state's need for the evidence was slight in view of the fact that defendant did not dispute her identity. However, as the state argued, because defendant did not have a driver's license, the photograph supplied a photographic identification that arguably had more persuasive effect than other forms of identification.

With respect to the second factor, prejudice, the court also correctly observed that, although a jail photograph ordinarily would tempt a jury to convict the defendant for

being a criminal recidivist rather than to adjudicate the case on the evidence before it, that was not the circumstance here. The pretrial proffer showed that defendant was arrested and taken to jail on the charge in this case. For all that the jury would know, the photograph was taken after defendant was arrested on that charge. From defendant's date of birth on the photograph, her stated age was the same as her age when she was arrested in this case. In short, the jury would have had no reason to believe that the photograph had been taken during a previous incarceration. Furthermore, although defendant asserts that the photograph depicted her wearing prisoner apparel, that fact was not patently obvious from the photograph itself, which only depicted her face and upper torso. Nor did the photograph otherwise depict embarrassing or undignified behavior or demeanor on defendant's part.

Third, the trial court correctly assessed that, given the state's marginal need for the evidence and the relatively slight prejudice under the pertinent circumstances, the scales of relevance and prejudice were roughly balanced. In short, because the danger of unfair prejudice did not substantially outweigh the relevance of the photograph based on the pretrial record, the trial court did not abuse its discretion in denying defendant's motion to exclude the evidence at that point.

The final issue is whether that calculus had materially changed when the court admitted the photograph at trial. By that point, the corrections officer had already identified defendant before the jury, leading defendant to lodge the additional objection that the evidence was cumulative. On appeal, defendant blends that objection into her argument under OEC 403. We conclude that the cumulative nature of the evidence does not materially alter the analysis, because the identifying witness was, in fact, a corrections officer who had initially identified defendant at the jail. If anything, the witness's status reinforced to the jury the fact that defendant had been incarcerated in the present case, thus blunting the effect of the fact that the challenged photograph was taken while defendant was in custody. Because the risk of unfair prejudice had not meaningfully risen in the

balance at that stage of the case, the trial court did not abuse its discretion in admitting the photograph into evidence.[2]

Affirmed.

---

[2] We reject without discussion defendant's unpreserved argument that due process considerations also required exclusion of the photograph. We note in passing that the state does not assert that the challenged photograph was admissible for a noncharacter purpose under OEC 404(4) without regard to the balancing test prescribed by OEC 403. *Cf. State v. Phillips*, 217 Or App 93, 98, 174 P3d 1032 (2007) (OEC 404(4) does not permit balancing under OEC 403, except as required by state or federal constitution).